[No. 17158.  Department One.  July 26, 1922.]

E. J. A. BADLEY et al., Appellants, v. ACME MOTOR TRUCK SALES COMPANY, INCORPORATED, et al., Respondents.[1]

FRAUD (22)—MISREPRESENTATIONS—EVIDENCE—SUFFICIENCY. The purchaser of an auto truck for the purpose of fulfilling a milk hauling contract with a dairymen's association, cannot recover from the seller for fraud in misrepresenting the profits to be made from the hauling contract, where he was referred to the association, and relied upon representations made by the latter in letting the contract to him, and would have been entirely satisfied if the latter's representations had been true.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 1, 1921, upon

[1]Reported in 207 Pac. 1061.

granting a nonsuit, dismissing an action for fraud. Affirmed.

*Flick & Paul,* for appellants.

*Ballinger, Battle, Hulbert & Shorts,* for respondents.

TOLMAN, J.—Appellants, as plaintiffs below, brought this action to recover damages resulting from alleged misrepresentations, made by respondents, inducing the sale to appellant Badley of a certain automobile truck sold on conditional sale contract. The respondent Acme Motor Truck Sales Company, Incorporated, is engaged in the business of selling Acme trucks, with its principal place of business in Seattle. Respondent W. J. Kohlmeyer is its local agent at Tolt, Washington, and the respondent Fred T. Hall is a salesman in the employ of Mr. Kohlmeyer.

Appellant Badley, desiring to purchase an automobile truck and operate it as a business, called on the Acme Motor Truck Sales Company, made known his purpose, investigated a supposed opportunity to obtain a logging contract in Snohomish county, with a view, if he obtained such contract, of purchasing a truck to be used in that connection; but, upon investigation, did not undertake that proposition. A little later it was learned that the King County Dairymen's Association desired to let a contract for the hauling of milk from a country route near Tolt to the milk condensery which served that section of the country. Mr. Badley was advised of this matter and talked with respondents regarding it. He testified that respondents represented and guaranteed to him that, if he entered into this contract with the dairymen's association, he would get a minimum of eighty-five cans of milk per day, each can containing eighty-five pounds of milk, and the compensation to him would be twenty-two cents per hundred-

weight for the hauling. Several statements to this effect are testified to.

It appears, however, that appellant Badley knew that none of the respondents had anything to do with the letting of the milk-hauling contract, and that, if he obtained it, it would be between himself and the King County Dairymen's Association, and he was directed to the offices of the dairymen's association for the purpose of learning the facts, and obtaining the contract if he was satisfied. Appellant Badley accordingly went to the offices of the dairymen's association, met the manager and also the field man of the association, who was in charge of this particular part of the business and knew all of the facts pertaining to it, and the whole matter was discussed between them before the contract was entered into for the purchase of the truck or any payment was made thereon. Being apparently satisfied with what he learned from the representatives of the dairymen's association, Mr. Badley made his initial payment and entered into a contract for the purchase of the truck, and within a day or two thereafter went to the offices of the dairymen's association and there entered into a contract for the hauling of the milk, which contract was to begin on November 1, 1920, and terminate on December 31, 1920, covering an already established route which had been previously served by a Mr. Isaacson.

Mr. Badley in his testimony says that the contract with the dairymen's association was in every way satisfactory to him, and that, if the contract had been carried out and he had obtained the amount of milk to haul which the representatives of the dairymen's association informed him he would have, he could have carried out his contract for the purchase of the truck, and would have been entirely satisfied. It appears that Mr. Badley began work under his contract about the

8th of November, 1920, first making a trip or two with Mr. Isaacson to learn the route, but that he soon discovered that instead of the route producing a minimum of 7,225 pounds of milk per day to be hauled, as represented, it in fact produced for hauling less than 5,000 pounds per day, and consequently, instead of earning nearly $500 per month under his contract, his gross earnings fell far short of that figure.

At the close of plaintiffs' case, the defendants and each of them challenged the sufficiency of the evidence and made motions for judgment of nonsuit as to each. These challenges and motions were sustained by the trial court, the jury was discharged, and judgment entered in favor of respondents, from which this appeal is prosecuted.

The only question presented here is as to the sufficiency of the evidence to take the case to the jury.

We have carefully read the record, having in mind the necessity of viewing the evidence in the light most favorable to appellants, and cannot escape the conclusion that the judgment of the trial court was right. Mr. Badley was fully aware from the beginning that the respondents had no control over the milk route whatever, and that any representations which they made must necessarily be based upon information which they had obtained from others. He was fully advised that the contract must be obtained from the dairymen's association, which had no connection whatever with the respondents, or any of them, and accordingly he went to the offices of the association, and was there given information which he testifies fully bore out all representations regarding the milk route which respondents had made to him, and from his whole testimony it fully appears that he relied upon the representations made by the dairymen's association rather than representations made by the respondents. He in

fact testified that, if the dairymen's association had fulfilled its contract with him and given him the amount of milk to haul which it had represented it would do, or had agreed to do, he could have carried out his contract for the purchase of the truck, and would have been entirely satisfied. Under these circumstances, we cannot see that he has any right of action against the respondents.

The judgment appealed from is affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.